# **TABLE OF CONTENTS**

The Laskowski Family . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

The War in Iraq . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Sgt. Laskowski's Career at Parris Island . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Family Life for the Laskowskis at Parris Island . . . . . . . . . . . . . . . . . . . . . . . . 10

Sgt. Laskowski's Career at Keystone Financial . . . . . . . . . . . . . . . . . . . . . . . . 12

The Elements of the Professional Medical Negligence Claim . . . . . . . . . . . . . . 16

DUTY TO TREAT SGT. LASKOWSKI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    The WBVA Employees Responsible for Treating Sgt. Laskowski
    Between April and August 2007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

    Expert Testimony . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

    The WBVA's Medical Care of Sgt. Laskowski . . . . . . . . . . . . . . . . . . . . . 28

        April 11, 2007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

        April 17, 2007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

        April 20, 2007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

        May1, 2007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

        May 11, 2007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

        May 17, 2007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

        May 31, 2007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

    June 4, 2007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

    June 22, 2007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

    July 3, 2007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

    July 16, 2007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

    July 18, 2007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

    August 13, 2007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56

THE WBVA'S BREACHES OF THE STANDARD OF CARE . . . . . . . . . . . . . 58

    The Standard of Care Required Psychotherapy (Admitted) . . . . . . . . . . . . 58

    Psychotherapy Deviation (Admitted) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

    The Standard of Care Required Application of the PTSD Clinical
    Guidelines Informed by Judgment, Supervision and Experience . . . . . . . 60

        Guideline, Judgment, Supervision and Experience Breach #1 . . . . 62

        Guideline, Judgment, Supervision and Experience Breach #2 . . . . 62

        Guideline, Judgment, Supervision and Experience Breach #3 . . . . 63

    Diagnosis Drives the Standard of Care, and there Must be a Nexus
    between a Chosen Medication and the Diagnosis . . . . . . . . . . . . . . . . . . . 63

        Medication Breach . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 64

    The Standard of Care Required Coordinated Care (Admitted) . . . . . . . . . 67

        Coordination of Care Breach #1 . . . . . . . . . . . . . . . . . . . . . . . . . . 67

    Coordination of Care Breach #2 (Admitted) . . . . . . . . . . . . . . . . . . . 67

    Coordination of Care Breach #3 (Admitted) . . . . . . . . . . . . . . . . . . . 68

    Coordination of Care Breach #4 (Admitted) . . . . . . . . . . . . . . . . . . . 68

    Coordination of Care Breach #5 (Admitted) . . . . . . . . . . . . . . . . . . . 69

    Coordination of Care Breach #6 (Admitted) . . . . . . . . . . . . . . . . . . . 69

The Standard of Care Required Supervision of Physicians Assistants and
Nurse Lucas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 70

    Supervision Breach #1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 70

    Supervision Breach #2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

    Supervision Breach #3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

    Supervision Breach #4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

The Standard of Care via Telephone . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

    Telephone Breach #1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

    Telephone Breach #2, #3, #4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

    Telephone Breach #5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75

    Telephone Breach #6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75

    Telephone Breach #7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 76

The Standard of Care Required Surveillance and Monitoring for Known
Alcohol and Substance Co-Morbidities . . . . . . . . . . . . . . . . . . . . . . . . . . . 77

    Surveillance Breach . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 78

FACTUAL CAUSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 78

DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 83

    Stanley P. Laskowski, III's Economic Damages . . . . . . . . . . . . . . . . . . . . 84

    Stanley P. Laskowski, III's Non-economic Damages . . . . . . . . . . . . . . . . 86

    Marisol Laskowski's Loss of Consortium Damages . . . . . . . . . . . . . . . . 90

CONCLUSIONS OF LAW AND LEGAL BRIEF . . . . . . . . . . . . . . . . . . . . . . . . . 93

    I.    Jurisdiction and Burden of Proof . . . . . . . . . . . . . . . . . . . . . . . . . . . 93

    II.    Plaintiffs' Have the Right to Recover . . . . . . . . . . . . . . . . . . . . . . . 95

        A.    Plaintiffs Established the United States Had a Duty to Provide Competent Treatment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 96

        B.    The United States Breached its Duty to Provide Appropriate Care . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 97

        C.    The Element of Causation has been Established Directly and Under the Increased Risk of Harm Standard . . . . . . . . . . . . 102

        D.    Plaintiffs Have Suffered Significant Economic and Non-Economic Harm for Which They May Recover . . . . . . . . . 107

        E.    Public Policy Confirms Plaintiffs' Right to Recover . . . . . . 108

    III.    Damages Award . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 112